IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Jerome Tilmon,<br><br>                    Plaintiff,<br>       v.<br><br>The Shindler Law Firm; Cavalry Portfolio Services, LLC; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: 13-822-JPG-DGW<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Jerome Tilmon, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Jerome Tilmon ("Plaintiff"), is an adult individual residing in Cahokia, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, The Shindler Law Firm ("Shindler"), is an Illinois business entity with an address of 1990 East Algonquin Road, Suite 180, Schaumburg, Illinois 60173, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Defendant, Cavalry Portfolio Services, LLC ("Cavalry," and together with Shindler, "Defendants"), is a New York business entity with an address of 7 Skyline Drive,

Hawthorne, New York 10532, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Cavalry is a debt collector, and is therefore vicariously liable for the actions of Shindler. *See Pollice v. National Tax Funding, L.P.* 225 F.3d 379 (3d Cir. 2000).

7. Does 1-10 (the "Collectors") are individual collectors employed by Defendants and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Defendants at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9. Plaintiff allegedly incurred a financial obligation in the approximate amount of $12,026.98 (the "Debt") to Bank of America, N.A. (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Defendants for collection, or Defendants were employed by the Creditor to collect the Debt.

12. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Defendants Engage in Harassment and Abusive Tactics

13. On May 24, 2012, Shindler sent Plaintiff a letter informing him that it had been retained by Cavalry to collect the Debt.

14. Shindler's letter requested payment of the Debt and informed Plaintiff of his right to request validation of the Debt within 30 days after receipt of the letter.

15. On June 12, 2012, Plaintiff mailed Defendants a certified letter disputing ownership of the Debt and requesting validation.

16. Plaintiff never received validation of the Debt from Defendants.

17. Nonetheless, Defendants filed a lawsuit against Plaintiff on October 11, 2012 in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

18. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

22. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

    1. Against the named Defendants, jointly and severally, awarding Plaintiff actual

damages;

    2.  Against each of the named Defendants, awarding Plaintiff statutory damages;

    3.  Against the named Defendants, jointly and severally, awarding Plaintiff recovery of the costs of litigation and reasonable attorney's fees;

    4.  Against the named Defendants, jointly and severally, awarding Plaintiff punitive damages in such amount as is found appropriate; and

    5.  Granting Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 12, 2013

                            Respectfully submitted,

                            By  */s/ Sergei Lemberg*

                            Sergei Lemberg, Esq.
                            LEMBERG & ASSOCIATES L.L.C.
                            1100 Summer Street, 3rd Floor
                            Stamford, CT 06905
                            Telephone: (203) 653-2250
                            Facsimile:  (203) 653-3424
                            Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 12th of August, 2013, the foregoing was filed with the clerk of the Court through the CM/ECF system (ECF) and that the document is available on the ECF.

                                       /s/ Sergei Lemberg
                                          Sergei Lemberg